CARLTON, Chief Justice.
The only issue before us on this petition for writ of certiorari is whether or not the Industrial Relations Commission may review an order of a Judge of Industrial Claims certifying to the Commission, pursuant to Rule 6 of the Commission’s Rules of Procedure, the non-payment of the cost of a transcript by a party attempting to appeal a compensation order of the Judge. The Commission held that it could not review such a certification order, but we disagree.
The basis for the Commission’s decision was the opinion that its only source of authority for reviewing orders of a Judge of Industrial Claims is contained in Fla.Stat. § 440.25(4) (a), F.S.A., which provides for review of any “compensation Order”. The Commission considered this term to be defined, in effect, by Fla.Stat. § 440.-25(3)(c), F.S.A., which begins:
“The order making an award or rejecting the claim (referred to in this chapter as a compensation Order). . . .”
Obviously, an order certifying non-payment of costs is not one which makes an award or rejects a claim. Therefore, in the Commission’s view, it is not reviewable.
The Commission’s conclusion is based upon the incorrect assumption that its only review authority is contained in § 440.-25(4) (a). Under the circumstances of this case, we are of the opinion that several other sections of the Workmen’s Compensation Law supply the Commission with inherent power to review the Judge’s order.
At the heart of this case is § .440.-25 (4) (b) which establishes the requirement that a party appealing a compensation order prepare a transcript “in accordance with such rules as the division may prescribe”. IRC Rule 6 goes further than the statute by requiring the appellant to pay the cost of transcript within a certain time (unless indigent). When the cost is not paid within the time limit, the rule requires the Judge of Industrial Claims to certify this fact to the Commission, whereupon the appeal will be automatically dismissed. The prepayment of costs, the non-payment certification, and the automatic dismissal are all creations of the Commission; they are not specifically provided for by any Florida statute. The Commission, however, feels that it cannot entertain petitioner’s objections to such prepayment and automatic dismissal, as well as his principal complaint, which is the Commission’s interpretation of the statute and Rule as requiring payment for a complete transcript in every appeal. It logically follows, however, that if § 440.25(4) (b) authorizes the Commission to regulate appeals before that body it also authorizes the Commission to interpret its own regulations and to hear objections to them by parties aggrieved by their application.
In addition, § 440.33(1) (Powers of Commission) provides, in part, that “The division or commission may ... do all things conformable to law which may be necessary to enable it effectively to discharge the duties of its office.” Also, § 440.25(1) (Procedures • in Respect to Claims) states that “. . . the division
*196 shall have full power and authority to hear and determine all questions in respect to such claims.”
In light of the statutory authority cited above, we hold that the Commission has been unduly restrictive in interpreting its own jurisdiction in this cause. Therefore, the writ of certiorari is granted, the Commission is reversed, and the cause is remanded to the Commission for consideration of the points raised by petitioner concerning IRC Rule 6.
It is so ordered.
ROBERTS, ERVIN, ADKINS and BOYD, JJ., concur.